# United States Court of Appeals
## For the First Circuit

No. 18-1802

UNITED STATES OF AMERICA,

Appellee,

v.

JUAN M. SANTIAGO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Chief U.S. District Judge]

Before

Lynch, Boudin, and Kayatta,
Circuit Judges.

Raymond Luis Sánchez-Maceira on brief for appellant.
Mariana E. Bauzá-Almonte, Assistant United States Attorney,
David C. Bornstein, Assistant United States Attorney, and Rosa
Emilia Rodríguez-Vélez, United States Attorney, on brief for
appellee.

January 3, 2020

**BOUDIN, Circuit Judge.** In June 2017, Juan Santiago ("Santiago") pled guilty in Puerto Rico district court to being a felon in possession of a firearm and ammunition. See 18 U.S.C. § 922(g)(1). In August 2018, the district court sentenced Santiago to thirty-seven months in prison and ordered that the sentence run consecutively to a seven-year sentence Santiago had previously received for an unrelated state drug offense. Santiago now contests the district court's decision to impose a consecutive, as opposed to concurrent, sentence.

The facts of Santiago's federal offense are not challenged on appeal, but, for context, the parties have stipulated as follows: On April 3, 2017, Santiago encountered police officers in the common area of a housing project in Puerto Rico and immediately fled on foot. The officers followed and saw Santiago throw a firearm to the ground, at which point they detained him. After waiving his rights, Santiago claimed ownership of the firearm and ammunition and admitted he had no permit for the weapon. Santiago had previously sustained a state felony conviction for conspiring to distribute controlled substances in March 2016. Santiago had failed to appear at sentencing in the state proceeding in January 2017 and was sentenced in absentia. When Santiago committed the instant federal offense in April 2017, he had not yet begun serving his state sentence.

- 2 -

On appeal, Santiago asserts that the district court violated United States v. Booker by treating Sentencing Guideline 5G1.3(a), which recommends a consecutive sentence in a case like Santiago's, as mandatory. See 543 U.S. 220 (2005). Santiago claims the district court would have imposed a concurrent sentence had it not felt bound by Guideline 5G1.3(a).

At the threshold, the government argues that Santiago's appeal is barred because, as part of his guilty plea, he expressly waived his right to appeal "any aspect" of his sentence if the sentence was within or below the guideline range for a total offense level of nineteen when combined with his criminal history category ("CHC") as determined by the district court.[1] At sentencing, the district court ruled that Santiago had a CHC of

_____

[1] The full text of the waiver provision in Santiago's plea agreement reads:

> Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the guideline range for the total offense level calculated in this Plea Agreement when combined with the Defendant's criminal history category as determined by the Court, the Defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

The plea agreement calculates a total offense level of nineteen.

III.  After concluding that the resulting guideline range for a total offense level of nineteen was thirty-seven to forty-six months, the judge imposed a thirty-seven-month sentence, thus satisfying the condition on which the appeal waiver rested.

In this circuit, an appeal waiver is enforceable if the defendant knowingly and voluntarily agreed to its terms and enforcement would not result in a miscarriage of justice.  United States v. Teeter, 257 F.3d 14, 24-26 (1st Cir. 2001).  Because Santiago concedes that his appeal waiver was knowing and voluntary, the issue is whether a miscarriage of justice exists.  See United States v. Davis, 923 F.3d 228, 239-40 (1st Cir. 2019).

Santiago argues that he is young; he has a history of mental and emotional issues; he would have received less prison time had the judge doubled his sentence and imposed it concurrently; his CHC already accounts for his state conviction; and no good will come from him serving a consecutive sentence.  In other words, Santiago says his federal sentence is excessive when combined with his state sentence.

Sentencing Guideline 5G1.3(a) recommends a consecutive sentence "[i]f the instant offense was committed . . . after sentencing for, but before commencing service of, [another] term of imprisonment."  U.S.S.G. § 5G1.3(a).  Santiago agrees that Guideline 5G1.3(a) applies to his case, but argues that the

district court misconstrued this guideline as mandatory in violation of Booker.

The miscarriage-of-justice exception is reserved for "egregious cases," Teeter, 257 F.3d at 25, is used "sparingly," id. at 26, and "requires a strong showing of innocence, unfairness, or the like," United States v. Gil-Quezada, 445 F.3d 33, 37 (1st Cir. 2006).[2]  Although Santiago says that the district court applied the guidelines in a mandatory fashion, United States v. Cardona-Díaz describes such a claim  as "too trivial to warrant discussion in light of [his] waiver of appeal."  524 F.3d 20, 23 n.1 (1st Cir. 2008).

Not only is the default rule under both federal law and the sentencing guidelines that the sentence run consecutively in a case like Santiago's, see 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(a), but Santiago also agrees the district court properly could, in its discretion, have imposed his sentence consecutively.  Leaving this "otherwise lawful, within-guidelines sentence" in place does not work a miscarriage of justice, United States v. Cabrera-Rivera, 893 F.3d 14, 24 (1st Cir. 2018), so Santiago's appeal waiver bars this appeal.

**Affirmed.**

---

[2] Teeter describes the type of errors that might qualify thusly: the use of "constitutionally impermissible factors (say, race or ethnicity)" at sentencing or the imposition of a "sentence exceeding the maximum penalty permitted by law."  257 F.3d at 25 nn.9-10.  Santiago's claim pales in comparison.