**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-4326**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

NIGEL DUANE WIGGINS, JR.,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:22-cr-00002-D-1)

─────────────

Submitted:  June 25, 2024                    Decided:  June 27, 2024

─────────────

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Amy K. Raffaldt, LAW OFFICE OF AMY K. RAFFALDT, ESQ., Myrtle Beach, South Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nigel Duane Wiggins, Jr., pleaded guilty, pursuant to a written plea agreement, to possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Wiggins to 114 months' imprisonment. On appeal, Wiggins' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Wiggins' guilty plea and waiver of appellate rights are valid, whether § 922(g)(1) is facially unconstitutional under the Second Amendment in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and whether Wiggins' sentence is reasonable given that the district court failed to address whether the sentence would run consecutive or concurrent to an anticipated state sentence. Wiggins was informed of his right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Wiggins' plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). Upon review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Wiggins knowingly and voluntarily waived his right to appeal his conviction and sentence. Accordingly, we grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the scope of the appellate waiver, including the Second Amendment

2

and sentencing issues raised in the *Anders* brief.[1]  *See Oliver v. United States*, 951 F.3d 841, 848 (7th Cir. 2020) (explaining that "normal constitutional challenges to a statute of conviction fall comfortably within the permissible scope of valid [appellate] waivers"); *United States v. Santiago*, 947 F.3d 1, 2 n.1, 3 (1st Cir. 2020) (applying similar appellate waiver to similar sentencing claim).

Although Wiggins' appellate waiver covers his right to appeal his conviction, it does not preclude our review of the validity of his guilty plea.  *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018); *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994).  We therefore deny in part the Government's motion to dismiss.  Because Wiggins did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error only.  *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016).  And we conclude that the magistrate judge did not err, let alone plainly so, in accepting Wiggins' guilty plea.[2]  Indeed, the magistrate judge fully complied with Rule 11 and properly found that Wiggins' plea was knowing, voluntary, and supported by an independent factual basis. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991) (discussing

---

[1] We reject defense counsel's contention that our failure to reach the sentencing issue will result in a miscarriage of justice.  *See United States v. Singletary*, 75 F.4th 416, 422 (4th Cir.) (discussing types of sentencing issues that escape valid appellate waiver), *cert. denied*, 144 S. Ct. 519 (2023); *United States v. McKinney*, 60 F.4th 188, 192 (4th Cir. 2023) (explaining that miscarriage of justice exception applies when defendant makes "*cognizable claim* of actual innocence" (internal quotation marks omitted)).

[2] Wiggins consented to entering his guilty plea before the magistrate judge.

district court's obligations during Rule 11 hearing). We are thus satisfied that Wiggins' guilty plea is valid.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside of the appellate waiver or not waivable by law. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues covered by the appellate waiver. We also deny in part the motion to dismiss and affirm as to any issue not precluded by the appellate waiver.

This court requires that counsel inform Wiggins, in writing, of the right to petition the Supreme Court of the United States for further review. If Wiggins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wiggins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART AND*
*DISMISSED IN PART*

4